### McDONALD et al. v. JOHNSON et al.

(Supreme Court, General Term, Fifth Department. June 23, 1892.)

1. NOTES—DISCOUNT AS EVIDENCE OF BAD FAITH.
    In an action on a note the court properly refused to charge that, if plaintiffs discounted the note at a usurious rate of interest, it was evidence of bad faith in the purchase thereof, where the jury were instructed that the large discount might be considered by them in determining whether plaintiffs were innocent holders.

2. SAME—WHEN VOID ON GROUNDS OF PUBLIC POLICY.
    A note fraudulent in its inception will not be adjudged void on the ground of public policy after it has reached the hands of innocent holders, who purchased it for value before maturity.

Exceptions from circuit court, Genesee county.

Action by David A. McDonald and another against Albertus B. Johnson, impleaded with others. There was a verdict for plaintiffs, and defendants moved for a new trial on exceptions which were ordered to be heard at the general term in the first instance. Denied.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

T. P. Heddon, for plaintiffs. William Carter, for defendants.

MACOMBER, J. This action was brought by the plaintiffs, who are private bankers, to recover upon a promissory note in the sum of $190, given November 22, 1889, and payable January 1, 1891, which was made by the defendant Albertus B. Johnson, and indorsed by the other defendant. The note was obtained from Johnson by one Toal, who represented himself as the agent of a corporation known as the "Pennsylvania Seed Company, Limited." The

transaction was the customary Bohemian oats fraudulent scheme, in which all the parties to the arrangement seem to be equally culpable. So far as the questions arising on this appeal are concerned, it is not necessary to go into the facts of the principal transaction. After the defendant had made the note it was negotiated in the usual way to the plaintiffs, who paid in cash therefor the sum of $165. The plaintiffs were well acquainted with the defendant, who was a depositor in their bank. The note was transferred to the plaintiffs before maturity, and the verdict of the jury shows they were *bona fide* holders thereof for value, and hence had neither notice nor knowledge of the original taint existing in the paper. The defendant, in making and delivering the note to the payee, manifestly intended to put it in circulation. Though it was executed by the maker as a part of a joint fraudulent scheme, such circumstance did not in any manner defeat the inception of the note at that time. It follows, therefore, that this verdict must be upheld, unless it was arrived at by some erroneous methods, or through erroneous instructions given by the court.

The learned counsel for the defendants argues that a new trial should be granted, upon the ground that the court refused to charge that, if the plaintiffs discounted the note at a usurious rate of interest,—more than 6 per cent., —it was a circumstance tending to show their bad faith in the purchase of the paper. We think the request to charge, in this instance, was not specific enough to enable counsel to raise the point which he now argues. He nowhere made a proposition that the court should submit to the jury for their consideration the question whether or not the circumstance that the plaintiffs obtained the note for $25 less than its face value could be considered by them in determining the question of their good faith. The court in the charge in chief instructed the jury that the large discount might be considered by them in determining whether or not the plaintiffs were innocent holders of the paper. The question was entirely left for the jury's consideration.

It is further contended by the counsel for the defendants that the note should be declared void on the ground of public policy. Had the action been brought by the original payee of the note, or by any person engaged with Toal and the defendant Johnson in the scheme to defraud, that question would be considered, and, doubtless, in the administration of the well-established rule, neither party to the scheme would be permitted to use the court to help himself as against another party thereto; but we venture to think that the public would suffer through the proposed violation of the ancient law protecting commercial paper in the hands of *bona fide* holders for value before maturity quite as much as it would be benefited by an effort to apply the doctrine of public policy in condemnation of this transaction. The case having been properly submitted to the jury, and its verdict having been rendered for the plaintiff upon all of the issues, we think the judgment should be entered upon the verdict.

Defendant's motion for a new trial denied, with costs, and judgment ordered for the plaintiffs upon the verdict. All concur.